IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3043-FL

| | |
|---|---|
| DAVID HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| OFFICER C.L. BOOYER and ) | |
| CUMBERLAND COUNTY ) | |
| SHERIFF'S DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss pursuant to Rule 12(b)(6) (DE # 23) and motion for extension of time (DE # 38) filed by defendant C. L. Booyer, as well as plaintiff's motion for an order compelling discovery (DE # 35), motion for entry of default (DE # 31), and motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE # 36). The issues raised by these filings are ripe for adjudication.

**STATEMENT OF THE CASE**

On March 2, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against defendant Booyer. Plaintiff subsequently filed several letters as well as two motions to amend his complaint to include a claim against the Cumberland County Sheriff's Department. On June 10, 2009, this court conducted a frivolity review of plaintiff's action. In its order, the court allowed plaintiff's first amended complaint as of right and granted plaintiff's second motion to amend his complaint. Regarding plaintiff's pleadings, the court found that it was unclear what specific claims

plaintiff was attempting to make and exactly whom plaintiff claimed violated his rights. Accordingly, the court permitted plaintiff the opportunity to particularize his complaint.

On June 16, 2009, plaintiff filed an amended pleading and a motion to appoint counsel. Plaintiff then filed two additional amended pleadings. On October 15, 2009, this court entered an order denying plaintiff's motion to appoint counsel. The court also conducted a frivolity review of plaintiff's amended pleadings, and allowed plaintiff to proceed with this action. Pursuant to the court's order, the Clerk of Court entered an order of investigation requesting that North Carolina Prisoner Legal Services ("NCPLS") investigate plaintiff's claims. Plaintiff, however, declined the services of NCPLS.

On January 11, 2010, defendant Booyer filed a motion to dismiss. Plaintiff responded on January 19, 2010. Plaintiff then filed another amended complaint on January 25, 2010. On March 18, 2010, plaintiff filed a declaration of entry of default. Defendant Booyer thereafter filed a response to plaintiff's motion for entry of default.

On June 10, 2010, plaintiff filed a motion to compel discovery, and on June 24, 2010, filed a motion for summary judgment. Defendant Booyer then filed a motion for an extension of time to respond to plaintiff's request for production of documents and a motion to compel discovery. On July 15, 2010, defendant Booyer filed a response to plaintiff's motion to compel and plaintiff's motion for summary judgment.

## DISCUSSION

A.  Motion for Default

Plaintiff filed a motion for entry of default against defendant Booyer. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment

2

for affirmative relief is sought has failed to plead or otherwise defend...." Fed. R. Civ. P. 55. The Clerk of Court's order of investigation further extended the time for defendants to respond to plaintiff's complaint until thirty (30) days after NCPLS submitted its response to the order of investigation. NCPLS did not respond to the court's order until January 19, 2010, but defendant Booyer had already filed a motion to dismiss on January 11, 2010. Because defendant Booyer responded to plaintiff's complaint by the February 17, 2010 deadline, plaintiff's motion for entry of default is DENIED.

B. Motion to Compel

Plaintiff moves for an order pursuant to Rule 37 compelling defendants to produce certain documents in discovery. Defendants request an extension of time pursuant to Federal Rule of Civil Procedure 6(b) to respond to plaintiff's discovery requests and motion to compel, and further ask the court to deny the motion as moot where the documents sought by plaintiff were turned over after the motion to compel was filed. For good cause shown, defendants' motion for an extension of time is ALLOWED, and plaintiff's motion to compel is DENIED AS MOOT.

C. Motion to Dismiss

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is not necessary for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-63 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a

3

motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

1. Defendant Cumberland County Sheriff's Department

A local government unit may not be sued under § 1983, pursuant to a theory of *respondeat superior*, for an injury inflicted solely by its employees or agents. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). In North Carolina, Sheriffs' Departments are local government units. S. Ry. Co. v. Mecklenburg County, 56 S.E.2d 438, 440 (N.C. 1949) ("The sheriff is the chief law enforcement officer of the county."); Boyd v. Robeson County, 169 N.C. App. 460, 468-478, 621 S.E.2d 1, 7-12, disc. review denied, 359 N.C. 629, 615 S.E.2d 866 (2005). Liability attaches to local government units only if conduct directly causing the alleged deprivation is undertaken to effectuate official policy or custom. Monell, 436 U.S. at 694. Here, the complaint does not allege that any conduct was undertaken to effectuate an official policy or custom. Thus, the inclusion of defendant Cumberland County Sheriff's Department in this action is improper, and plaintiff's claim against it is DISMISSED for failure to state a claim upon which relief may be granted.

2. Defendant Booyer

Defendant Booyer argues that plaintiff fails to state a claim upon which relief may be granted with respect to plaintiff's Fourth Amendment claim arising out of defendant Booyer's alleged search of plaintiff's home. Defendant Booyer appears to base her motion to dismiss on the allegations made

in plaintiff's original complaint and not the numerous amended pleadings since filed.* This is of no moment because neither in his original complaint, nor in the amended pleadings filed since then, does plaintiff make any allegations regarding an illegal search. As such, the court finds that plaintiff has not alleged a claim for an illegal search pursuant to the Fourth Amendment.

Defendant Booyer also argues that plaintiff fails to state a claim upon which relief may be granted with respect to plaintiff's Fourth Amendment claim for unlawful arrest. In his amended pleadings, plaintiff appears to allege that defendant Booyer unlawfully arrested him. Plaintiff states that defendant Booyer did not conclude a "thorough investigation" prior to his arrest, and that when he was being booked for his arrest, defendant Booyer acted on "assumption and hearsay" in concluding that plaintiff had previously been arrested for a sex offense because she kept telling him that "this has happened before." However, plaintiff does not connect these statements to the arrest in question.

The court must liberally construe the filings of *pro se* litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). But "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The amended pleadings do not allege a claim for unlawful arrest in violation of the Fourth Amendment of the United States

---

* On June 10, 2009, this court conducted a frivolity review of plaintiff's original pleadings. The court found that plaintiff's pleadings were difficult to follow, and allowed plaintiff the opportunity to particularize his original pleadings to name the party responsible for his alleged deprivation, the injury stemming from the party's action or inactions, and the alleged facts to support his claim. In response to this court's June 10, 2009 order, plaintiff has filed several amended pleadings. No defendant is expected to defend against such serialized complaints. See, e.g., Fed. R. Civ. P. 15(a)(1) (allowing a party to amend his pleadings only once as a matter of right). The court therefore addresses only the allegations in plaintiff's first amended pleading following the order to particularize. The court declines to address the numerous allegations contained in the various letters and other documentation submitted the court purporting to provide additional allegations in support of the complaint. Even taking these additional allegations into consideration, however, the court would find plaintiff's claims insufficient.

5

Constitution, nor do they allege a violation of any other constitutional provision such as the Eighth Amendment's protection against cruel and unusual punishment. Instead, they appear to show that plaintiff was arrested, and that the arresting officer believed that he had also previously been arrested for a sex offense. This does not state a constitutional claim. Accordingly, defendant Booyer's motion to dismiss is GRANTED.

D. Motion for Summary Judgment

Plaintiff's complaint does not state a cause of action, and has been dismissed. Accordingly, he may not be granted summary judgment on those claims. Even if the claims had not been dismissed, plaintiff has not provided sufficient evidence to demonstrate an absence of genuine issue of material fact as required by Rule 56. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Accordingly, plaintiff's motion for summary judgment is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default (DE # 31) is DENIED. Defendants' motion for an extension of time (DE # 38) is ALLOWED and plaintiff's motion to compel (DE # 35) is DENIED AS MOOT. Defendants' motion to dismiss (DE # 23) is GRANTED and defendant's motion for summary judgment (DE # 36) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 10th day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge